UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN A. AVERY,

    Plaintiff,

vs.                                       Case No.: 04-C-00986

MANITOWOC COUNTY,
THOMAS H. KOCOUREK,
and DENIS R. VOGEL,

    Defendants.

---

## MANITOWOC COUNTY'S AND THOMAS H. KOCOUREK'S ANSWER AND AFFIRMATIVE DEFENSES

---

Manitowoc County and Thomas H. Kocourek, by their attorneys, Crivello, Carlson & Mentkowski, S.C., hereby submit the following Answer to the plaintiff's Complaint:

1. Answering ¶ 1, deny and affirmatively allege that these defendants did not violate or infringe on plaintiff's constitutional rights.

2. Answering ¶ 2, deny and affirmatively allege that plaintiff's damages, if any, were not the result of the conduct of these defendants.

3. Answering ¶ 3, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

4. Answering ¶ 4, admit that Manitowoc County is a municipal entity created and existing pursuant to Wisconsin law and located at the address stated. As further answer, admit that Kocourek, officials and employees of Manitowoc County have acted within the course and scope of their employment and authority. As to the balance of the allegations, deny.

5. Answering ¶ 5, admit that Kocourek was the Sheriff of Manitowoc County and that all times he acted within the course and scope of his employment and authority. Further answering said paragraph, deny.

6. Answering ¶ 6, admit that Vogel was acting within the course and scope of his employment and authority. Further answering said paragraph, deny.

7. Answering ¶ 7, admit that P.B. was assaulted, beaten, threatened and forcibly held on the beach in Manitowoc County on July 29, 1985. Further answering said paragraph, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted, and, therefore deny the same.

8. Answering ¶ 8, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

9. Answering ¶ 9, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

10. Answering ¶ 10, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

11. Answering ¶ 11, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

12. Answering ¶ 12, deny knowledge or information sufficient to form a belief as to the truth of the allegations stated, including whether a photograph was readily accessible and, therefore, deny the same.

13. Answering ¶ 13, deny.

14. Answering ¶ 14, deny that plaintiff's description of the events is a full and complete account of the evidence and, therefore, deny the same.

15. Answering ¶ 15, admit that there had been prior incidents involving Avery but deny the remaining allegations as to what was alleged to be known. As further answer, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

16. Answering ¶ 16, deny.

17. Answering ¶ 17, deny.

18. Answering ¶ 18, admit that P.B. was injured, transported to the hospital for treatment and interviewed by Kocourek and others. As further answer, deny.

19. Answering ¶ 19, admit that a composite sketch was prepared based on P.B.'s description of her attacker and that a photo selection was presented, which included a photo of Avery. As further answer, deny

20. Answering ¶ 20, admit that P.B. identified Avery as her assailant in both the photo selection and line up. As further answer, deny.

21. Answering ¶ 21, admit that Kocourek and Vogel conferred on the case but lack knowledge or information sufficient to form a belief as to the date and time these discussions took place and, therefore, deny the same. As further answer, deny.

22. Answering ¶ 22, deny that Kocourek had knowledge of Allen's criminal history, including those alleged. As further answer, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

23. Answering ¶ 23, deny knowledge or information sufficient to form a belief as to Bergner's opinions or impressions and, therefore, deny the same. As further answer, deny.

24. Answering ¶ 24, deny.

25. Answering ¶ 25, admit that Kocourek made no request to the City Police Department. As further answer, deny.

26. Answering ¶ 26, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

27. Answering ¶ 27, admit that Kocourek had discussions with P.B. but deny that plaintiff's description of those calls is entirely accurate or complete and, therefore, deny the same. As further answer, deny.

28. Answering ¶ 28, admit that Kocourek had discussions with P.B. but deny that plaintiff's description of those calls is entirely accurate or complete and, therefore, deny the same. As further answer, deny.

29. Answering ¶ 29, deny.

30. Answering ¶ 30, deny.

31. Answering ¶ 31, deny.

32. Answering ¶ 32, deny.

33. Answering ¶ 33, deny the allegations as stated against Kocourek. As further answer, deny knowledge or information sufficient to form a belief as to the truth of the allegations stated and, therefore, deny the same.

34. Answering ¶ 34, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same

35. Answering ¶ 35, deny the allegations as stated against Kocourek. As further answer, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

36. Answering ¶ 36, deny the allegations as stated against Kocourek. As further answer, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

37. Answering ¶ 37 and its subparts, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

38. Answering ¶ 38, deny the allegations as stated against Kocourek. As further answer, deny knowledge or information sufficient to form a belief as to the truth of the allegations stated and, therefore, deny the same.

39. Answering ¶ 39, deny.

40. Answering ¶ 40, deny.

41. Answering ¶ 41, deny.

42. Answering ¶ 42, deny that Kocourek improperly failed to provide Avery information. Further answering said paragraph, deny knowledge or information sufficient to form a belief as to the truth of the matters asserted and, therefore, deny the same.

43. Answering ¶ 43, deny.

44. Answering ¶ 44, admit that Steven A. Avery was released. As further answer, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted and, therefore, deny the same.

45. Answering ¶ 45, deny.

46. Answering ¶ 46, deny.

47. Answering ¶ 47, deny.

48. Answering ¶ 48, deny.

49. Answering ¶ 49, deny.

50. Answering ¶ 50, deny.

## **AFFIRMATIVE DEFENSES**

The defendants, Manitowoc County and Thomas H. Kocourek, submit the following affirmative defenses to the plaintiff's Complaint:

1. plaintiff's complaint contains claims which fail to state a claim upon which relief may be granted against the answering defendants;

2. the injuries and damages sustained by the plaintiff, if any, were caused in whole or in part by the acts or omissions of the plaintiff or persons other than the answering defendants;

3. plaintiff's claims are barred by the applicable statute of limitations;

4. plaintiff's claims are barred by the principle of issue preclusion;

5. all of the acts of these answering defendants are protected from suit by immunities including qualified immunity;

6. plaintiff's claims are precluded by the 11th Amendment to the U.S. Constitution;

7. plaintiff is prevented from a right of recovery against these defendants because an intervening or superseding cause resulted in the damages claimed;

8. plaintiff has failed to join indispensable parties to the litigation contrary to Wisconsin Statutes;

9. plaintiff's claim in part may be barred by virtue of an accord and satisfaction for payments received;

10. punitive damages are barred by state law, federal law and those protections contained within the state and federal constitutions; and

11. to the extent that the plaintiff purports to allege state claims under Wisconsin law they are subject to the limits and prerequisites contained within Wis. Stat. Sec. 893.80; further this section specifically bars the right to punitive damages.

WHEREFORE, the defendants respectfully request judgment as follows:

A. For dismissal of the plaintiff's Complaint upon its merits;

B. For the costs and disbursements of this action;

C. For reasonable actual attorney's fees pursuant to 42 U.S.C. Sec. 1988; and

D. For such other relief as this court deems just and equitable.

Dated this 10th day of December 2004.

>CRIVELLO, CARLSON & MENTKOWSKI, S.C.
>Attorneys for Defendants Manitowoc County and Thomas H. Kocourek
>
>BY: s/Attorney Amy J. Doyle
>   RAYMOND J. POLLEN
>   State Bar No.: 1000036
>   AMY J. DOYLE
>   State Bar No.: 1001333
>   Attorneys for Defendants Kenosha
>   County and Kenosha County Board
>   Crivello, Carlson & Mentkowski, S.C.
>   710 North Plankinton Avenue
>   Milwaukee, Wisconsin 53203
>   Telephone: 414-271-7722
>   Fax: 414-271-4438
>   E-mail: rpollen@milwlaw.com
>   E-mail: adoyle@milwlaw.com

**DEFENDANTS HEREBY REQUEST A TRIAL BY JURY**