UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN A. AVERY,

                    Plaintiff,

v.                                                      Case No. 04-C-0986

MANITOWOC COUNTY,
THOMAS H. KOCOUREK, individually
and in his official capacity as
Sheriff of Manitowoc County,

and

DENIS R. VOGEL, individually
with respect only to his executive, administrative
and advice and counsel functions
and in his official capacity as
District Attorney of Manitowoc County,

                    Defendants.

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF
## DENIS R. VOGEL AND MANITOWOC COUNTY

Defendants, Denis R. Vogel, individually and in his official capacity, and Manitowoc County,

by their attorneys, Boardman, Suhr, Curry & Field LLP, amend the answer to plaintiff's Complaint

as follows:

1.        Answering paragraph 1, defendants deny that plaintiff's conviction and imprisonment

were "wrongful" in the sense of the constitutional violations alleged and specifically deny that

defendants violated plaintiff's constitutional rights.

2.        Answering paragraph 2, defendants lack information sufficient to form a belief as to

the amount in controversy, and therefore, deny the same, putting plaintiff to his proof.

3.     Answering paragraph 3, defendants admit the allegations.

4.     Answering paragraph 4, admit that Manitowoc County is a municipal entity created and existing pursuant to Wisconsin law at the alleged address; admit that Vogel acted within the course and scope of his employment and authority; deny the remaining allegations of this paragraph.

5.     Answering paragraph 5, defendants admit that Kocourek was the Sheriff of Manitowoc County; lack information sufficient to form a belief as to the remaining allegations, and therefore, deny the same, putting plaintiff to his proof.

6.     Answering paragraph 6, defendants deny that Vogel acted unlawfully.  Further answering paragraph 6, defendants affirmatively allege that whether Vogel was the final authoritative decision maker and policymaker with respect to the office of District of Attorney is a legal conclusion to which no answer is necessary; to the extent an answer is required, defendants deny the allegation.  Further answering paragraph 6, defendants affirmatively allege that on or about June 20, 1986, Vogel left the office of District of Attorney and ceased acting in any capacity, individually, officially, or under color of law, with regard to plaintiff's underlying criminal action.  Defendants further affirmatively allege that as to all actions taken prior to June 20, 1986, in prosecuting plaintiff's underlying criminal action, Vogel was acting on behalf of the State of Wisconsin and not Manitowoc County.

7.     Answering paragraph 7, defendants lack information sufficient to form a belief as whether Gregory A. Allen was the assailant, and therefore, deny the same, putting plaintiff to his proof.

8.     Answering paragraph 8, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof, except to

2

admit that a criminal complaint signed by Vogel was filed on or about September 12, 1983, against Allen, accusing him of committing the crime of indecent exposure, a Class A misdemeanor, on the beach area of North 22nd Street, which stretch of beach is within the jurisdiction of the City of Two Rivers Police Department; further admit, on information and belief, that the charges against Allen were reduced from indecent exposure to disorderly conduct in February 1984 and Allen was fined $100 for the 1983 offense.

9.     Answering paragraph 9, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof; affirmatively allege that, if the allegations of paragraph 9 are accurate, Vogel was unaware at any time during his prosecution of plaintiff that Allen was under such surveillance by the City of Manitowoc Police Department.

10.     Answering paragraph 10, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof; affirmatively allege that, if the allegations of paragraph 10 are accurate, Vogel was unaware at any time during his prosecution of plaintiff of the existence of the alleged report by the City of Manitowoc Police Department.

11.     Answering paragraph 11, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

12.     Answering paragraph 12, defendants lack information sufficient to form a belief as to whether Allen fit the description of P.B.'s assailant and as to whether his photo was readily accessible, and therefore, deny the same, putting plaintiff to his proof; affirmatively allege that plaintiff fit the description given by P.B.

3

13.     Answering paragraph 13, defendants deny the allegations.

14.     Answering paragraph 14, defendants admit that Steven Avery presented such evidence of his whereabouts throughout the day on July 29, 1985, to the jury at the trial of the underlying criminal case, and affirmatively allege that the jury considered but rejected such evidence.

15.     Answering paragraph 15, defendants lack information sufficient to form a belief as to whether the woman who was run off the road and forced from her car at gunpoint by plaintiff in January 1985 was a friend of Manitowoc County Deputy Sheriff Dvorak, and therefore, deny the same, putting plaintiff to his proof.

16.     Answering paragraph 16, defendants deny that Vogel had an attitude of hostility toward plaintiff and "the Averys" on July 29, 1985; lack information sufficient to form a belief as to the remainder of the allegations of this paragraph, and therefore, deny the same, putting plaintiff to his proof.

17.     Answering paragraph 17, defendants deny as to Vogel; lack information sufficient to form a belief as to the remainder of the allegations of this paragraph, and therefore, deny the same, putting plaintiff to his proof.

18.     Answering paragraph 18, defendants deny the allegations, except as follows:  lack information sufficient to form a belief as to whether Allen perpetrated the attack on P.B. and whether P.B.'s description of the assailant substantially resembled Allen, and therefore, deny the same, putting plaintiff to his proof; admit that Dvorak and Kocourek questioned P.B. at the hospital, and that after hearing P.B.'s description of her assailant, Avery was identified as a suspect whose photo should be included in a photo array for P.B. to view.

4

19.     Answering paragraph 19, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof, except as follows:  admit that a composite sketch was prepared; admit that the photo array included Steven Avery's photo; admit that the photo array did not include Allen's photo; deny the implication in this paragraph that Allen was actively considered and specifically excluded from the process; affirmatively allege that the Wisconsin Court of Appeals, in affirming plaintiff's conviction in a written decision dated August 5, 1987, ruled that "the photo array constitutes one of the fairest ones this court has seen."

20.     Answering paragraph 20, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof, except as follows:  admit that P.B. identified Avery as her assailant when she examined the photos presented to her; admit that Avery was included in the live lineup and that he was the only person in the lineup whose photo had also been included in the photo array shown to P.B.; admit that Allen was not in the lineup, but deny the implication in this paragraph that Allen was actively considered and specifically excluded from the process.

21.     Answering paragraph 21, defendants admit that Vogel had prosecuted Allen two years previously; deny the prosecution was for an assaultive sex crime on the same beach; further deny the implication in this paragraph that Vogel actively considered Allen as a suspect, but excluded him from the live lineup; defendants lack information sufficient to form a belief as to the remainder of the allegations, and therefore, deny the same, putting plaintiff to his proof.

22.     Answering paragraph 22, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof, except as

follows: defendants admit that as of July 1985, Vogel had signed a criminal summons and a criminal complaint, both dated September 12, 1983, against Allen accusing him of the crime of indecent exposure as a result of an incident that occurred on the beach of Lake Michigan at a stretch that was within the City of Two Rivers Police Department's jurisdiction; deny that Vogel was aware of any North Carolina incident from 1975 allegedly involving Allen.

23. Answering paragraph 23, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

24. Answering paragraph 24, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

25. Answering paragraph 25, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

26. Answering paragraph 26, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

27. Answering paragraph 27, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

28. Answering paragraph 28, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

29. Answering paragraph 29, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

30. Answering paragraph 30, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

31.     Answering paragraph 31, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

32.     Answering paragraph 32, defendants deny the allegations.

33.     Answering paragraph 33, deny that Vogel had any such official policy, custom and usage in 1985; further deny that any such alleged information or objections were provided to him.

34.     Answering paragraph 34, defendants deny that Vogel had any such official policy, custom and usage in 1985; defendants lack information sufficient to form a belief as to the truth of the remaining allegations, and therefore, deny the same, putting plaintiff to his proof.

35.     Answering paragraph 35, defendants deny the allegations.

36.     Answering paragraph 36, defendants deny that Vogel had any such official policy, custom and usage in 1985; further deny that any such alleged views were expressed to him or discussed with Kocourek.

37.     Answering paragraph 37, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

38.     Answering paragraph 38, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof, except as follows:  admit that plaintiff's attorneys made certain requests for exculpatory evidence, to which Vogel properly responded; deny the implication in this paragraph that Vogel had all of the information regarding Allen that is alleged by incorporation in this paragraph and chose to withhold it from plaintiff's defense counsel; affirmatively allege, upon information and belief, that the files of plaintiff's defense attorneys in the underlying criminal case contained a series of police reports, including the City of Two Rivers Police Department's report on the 1983 Allen incident identified

7

in paragraph 8, above, as well as other police reports on a suspect A.P. and one report that does not name a suspect, all of which appear to have been obtained from Vogel as a result of pretrial discovery requests.

39.     Answering paragraph 39, defendants deny the allegations.

40.     Answering paragraph 40, defendants deny the allegations.

41.     Answering paragraph 41, defendants deny the allegations.

42.     Answering paragraph 42, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof, except as follows:  admit that plaintiff sought by appeal and post-conviction remedies to set aside his conviction; deny that Vogel failed to meet any obligation to provide information; deny the implication that Vogel was aware of or had the information concerning Allen alleged in prior paragraphs of the complaint; affirmatively allege that Vogel left the Manitowoc County District Attorney's office in June 1986 and had no further authority or responsibility.

43.     Answering paragraph 43, defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore, deny the same, putting plaintiff to his proof.

44.     Answering paragraph 44, defendants admit that plaintiff was released by final court judgment in September 2003; lack information sufficient to form a belief as to the truth of the remaining allegations, and therefore, deny the same, putting plaintiff to his proof.

45.     Answering paragraph 45, defendants deny the allegations.

46.     Answering paragraph 46, defendants deny the allegations.

47.     Answering paragraph 47, defendants deny the allegations.

48.     Answering paragraph 48, defendants deny the allegations; affirmatively allege that Vogel left the employ of the Manitowoc County District Attorney's Office in June 1986.

8

49.     Answering paragraph 49, defendants admit that plaintiff suffered the loss of liberty, but deny that such loss was the result of defendants' actions and omissions; affirmatively allege that such losses as plaintiff suffered were the result of his conviction by a jury after full trial; further affirmatively allege, on information and belief, that plaintiff was sentenced to six years imprisonment in a separate criminal action arising from his running the woman off the road at gunpoint in January 1985, which sentence was served concurrently with the sentence at issue in this lawsuit, and was a cause of his loss of liberty during the time of that sentence; lack information sufficient to form a belief as to the nature and extent of plaintiff's claimed damages, and therefore, deny the same, putting plaintiff to his proof.

50.     Answering paragraph 50, defendants deny the allegations.

### AFFIRMATIVE DEFENSES

51.     As a separate and affirmative defense, defendants allege that these answering defendants have absolute immunity and are immune from suit and/or liability for Vogel's actions as the prosecutor of the underlying criminal action against plaintiff.

52.     As a second affirmative defense, defendants allege that these answering defendants have qualified immunity and are immune from suit and/or liability for Vogel's actions because those actions were performed in the discharge of his official duties, which were discretionary in nature, performed in good faith and in the belief that they were necessary to discharge his official duties.

53.     As a third affirmative defense, defendants allege that these answering defendants have sovereign immunity under the Eleventh Amendment of the U.S. Constitution and are immune from suit and/or liability for Vogel's actions as the prosecutor acting on behalf of and as an arm of the State of Wisconsin with regard to his actions at issue in this lawsuit.

9

54.     As a fourth affirmative defense, defendants allege that plaintiff's claims are barred by the doctrine of issue preclusion.

55.     As a fifth affirmative defense, defendants allege that the complaint fails to state a claim upon which relief may be granted against these answering defendants.

56.     As a sixth affirmative defense, defendants allege that in the event all punitive damages are not preempted and barred by constitutional, statutory and/or regulatory laws of the United States, in that event defendants reserve all defenses against an award which indicates the influence of passion or prejudice or is otherwise excessive as protected by the Constitution, statutes and case law of the State of Wisconsin as well as all defenses against an award that is grossly excessive in violation of the due process clause and other guarantees afforded by the Constitutions and Amendments to the Constitutions of the United States and State of Wisconsin.

57.     As a seventh affirmative defense, defendants allege that, to the extent plaintiff asserts claims on any grounds based on state law, the claims are barred for failure to satisfy the requirements of § 893.80(1), Wis. Stats.

58.     As an eighth affirmative defense, defendants allege that, to the extent plaintiff asserts claims on any grounds based on state law, the amount of recovery by plaintiff for any damages or injuries may not exceed $50,000.00 and no punitive damages are recoverable, as provided by § 893.80(3), Wis. Stats.

59.     As a ninth affirmative defense, defendants allege that plaintiff's alleged injuries or damages were caused, in whole or in part, by persons other than the answering defendants.

60.     As a tenth affirmative defense, defendants allege that the prosecution and conviction of Steven Avery were not the product of intentional, irrational, and arbitrary differential treatment,

10

but rather were rationally based on facts developed and/or considered by defendant Vogel following the attack of P.B., in the exercise of his prosecutorial discretion, including but not limited to (a) P.B.'s description of her assailant, the composite sketch drawn within hours of the attack, and her identification of Avery as the assailant, (b) Avery's prior criminal record, which included felony conviction for two counts of burglary, a conviction for cruelty to animals, and charges pending as of July 1985 for reckless endangerment arising from an incident that occurred in January 1985 involving a female victim, for which Avery was sentenced in separate proceedings to six years imprisonment, (c) Avery's own incriminating statements at the time of and shortly after his arrest, and (d) physical evidence that corroborated the accusations against Avery.

WHEREFORE, defendants request dismissal of the plaintiff's Complaint on the merits and with costs and fees, and such other relief as the court deems just.

Dated this 4th day of October 2005.

BOARDMAN, SUHR, CURRY & FIELD LLP
By

s/Amanda J. Kaiser
Claude J. Covelli, State Bar No: 1014833
Amanda J. Kaiser, State Bar No.: 1006584
Attorneys for defendants Denis R. Vogel and
Manitowoc County
One South Pinckney Street
P. O. Box 927
Madison, Wisconsin 53701-0927
Telephone: 608-257-9521
E-mail: ccovelli@boardmanlawfirm.com
E-mail: akaiser@boardmanlawfirm.com

**DEFENDANTS REQUEST A TRIAL BY JURY.**

11

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2005, I electronically filed the foregoing Amended Answer and Affirmative Defenses of Denis R. Vogel and Manitowoc County with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

Stephen M. Glynn - sglynn@gfalaw.com, jblei@gfalaw.com

Walter F. Kelly, S.C. - attywfkelly@hotmail.com, fbabn@hotmail.com

Raymond J. Pollen - ray@milwlaw.com, adoyle@milwlaw.com

Timothy A. Bascom - tbascom@bbclaw.com, mdecker@bbclaw.com

Attorney John F. Mayer - Jmayer@Nashlaw.com, Sendries@Nashlaw.com

<div style="margin-left: 40%;">

BOARDMAN, SUHR, CURRY & FIELD, LLP
By:

_____
Amanda J. Kaiser, State Bar No.: 1006584
Attorneys for defendants Denis R. Vogel and
Manitowoc County
P. O. Box 927
Madison, Wisconsin  53701-0927
Telephone:  608-257-9521
E-mail:  akaiser@boardmanlawfirm.com

</div>

12